UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAVEN GARCIA

        Plaintiff,

-vs-

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
AND OFFICER ABIOLA ERRICO,

        Defendants.

Index No. 16-cv-6154

AMMENDED COMPLAINT

*Formatted: Font: 11 pt*
*Formatted: Font: 11 pt*

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C § 1983 and 42 U.S.C § 1985 as applicable to the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution for the property damage, false and unlawful imprisonment of Plaintiff's person, deprivation of Plaintiffs' civil rights, intentional and/or reckless infliction of emotional distress, slander, negligent entrustment, negligence, and excessive force used by the respondents surrounding the unjustifiable and unnecessary shooting of Plaintiff's 8 year-old

companion animal; aka a German Shepherd dog named "MACHO," on or about February 5, ~~2014~~2015, and the subsequent arrest and false charges lodged against Plaintiff wherefore.

## PARTIES

2. Upon information and belief Plaintiff currently still maintains a residence at 1175 Bushwick Avenue, Apartment 1, Brooklyn, New York 11221, which is located in Kings County, State of New York.

3. Upon information and belief, the CITY OF NEW YORK, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4. Upon information and belief, the New York City Police Department is under the direct control of the City of New York in the State of New York.

5. Upon information and belief, the Defendant Officer Abiola Errico, is employed by the City of New York Police Department and was acting in such capacity during the events that give rise to this lawsuit.

## JURISDICTION

6. Plaintiff brings this action to recover damages for the violation of her civil rights under the Fourth Amendment to the United States Constitution, codified at 42 U.S.C. § 1983 and as bestowed upon the states and its citizens through the Due Process Clause by the Fourteenth Amendment of the United States Constitution.

2

7. The unreasonable shooting of a companion animal constitutes an unreasonable "seizure," of personal property under the Fourth Amendment. **Carroll v. County of Monroe**, 712 F.3d 649 (2013).

8. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and § 1343 (civil rights).

9. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983.

11. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

12. At all relevant times, Defendants City of New York, New York City Police Department, and Officer Abiola Errico were discharging their duties in the scope of their employment by the City of New York Police Department and the City of New York, albeit in a brutal and sadistic manner.

13. At all relevant times, Defendants City of New York, New York City Police Department, and Officer Abiola Errico were discharging their duties in the scope of their employment by the City of New York Police Department and the City of New York, albeit in an unethical and dishonest manner.

14. At least thirty (30) days have elapsed since the service of the notice of claim, as aforesaid, and the above-referenced Defendants have failed and neglected to adjust or pay the said claim.

3

## VENUE

15. This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arose in this judicial district and the Respondents reside in and /or do business in New York County.

## FACTUAL BACKGROUND

16. Plaintiff obtained a wonderfully friendly, intelligent, and obedient male German Shepherd dog, aka Macho, some years ago. Plaintiff owns and continues to possess said dog and considers the animal her best friend.

17. On or about February 5, ~~2014~~2015, at approximately 2:00 a.m., Defendants unlawfully and without a warrant or any exception that would justify a warrantless search of Plaintiff's residence, searched and seized both Plaintiff's downstairs unit at the above-referenced Plaintiff's address, as well as the upper unit of said brownstone building belonging to Plaintiff's landlord, Ms. SHEILA FAIRWEATHER. During said unauthorized entry, Defendants used excessive force, shooting and injuring Defendant's companion animal, an eight-year old German Shepherd dog named Macho. Macho is an unaggressive dog that has never posed a threat to any person or other animal. Furthermore, Macho is used to strangers coming into the house, as Plaintiff has a dog walker come in unannounced, as well as other friends, refuting Defendant's feeble claim

4

that they were in any danger at any point due to the canine's presence. Officer Errico shot at Macho three times, hitting him once in the paw.

18. NYPD officers did unlawfully imprison Plaintiff in a police car as they ransacked her apartment and shot her companion animal with an unnecessary and gratuitous display of physical force, as they cordoned off the area and prevented witnesses from reporting the unjust nature of the shooting, despite witnesses' attempts to do so.

19. Officer Abiola Errico, who was the shooter of the canine "Macho," upon arresting Plaintiff on a frivolous criminal charge, taunted Plaintiff at a Brooklyn precinct regarding Officer Errico's shooting of Macho, and then ridiculed Plaintiff about her weight, causing other Officers needing to restrain Officer Errico and remove her from the scene.

20. NYPD did dehydrate Plaintiff, whom had been drinking alcohol previously, and taunted her when Plaintiff asked for water as she was handcuffed to a bench.

21. NYPD did handcuff Plaintiff to a bench for a long period of time in frigid conditions while Plaintiff only wore shorts and a tank top, and thereafter refused to provide Plaintiff with humane conditions in her confinement.

22. Said dehumanization, violation, and deprivation of Plaintiff's CIVIL RIGHTS as afforded the Plaintiff under both the New York State Constitution and the United States Constitution has caused Plaintiff severe emotional distress that that required medical treatment.

23. The Defendants negligently entrusted their Police Force to interact with canines without any kind of formalized training, leading to the unnecessary and brutal deaths of

5

companion animals. The unnecessary, brutal, and inhumane shooting and often killing of canines, of which New York City Police do as a matter of police business is tacitly supported by the Department as evidenced by their failure to take any corrective measures or disciplinary measures against the Officers who shoot canines.

24. As such, the City of New York was negligent in Officer Errico's shooting of Plaintiff's companion animal and well behaved canine, "Macho."

25. Defendants have since continued, since the night in question, with a meritless criminal charge against Plaintiff, defaming the character of a loving dog owner and New York University Graduate Student in an attempt to cover up for the wrongdoings and crimes committed by said Defendants.

26. Defendants have continued with the malicious prosecution of the Plaintiff on a charge which has since been dismissed on its merits.

27. Macho was on his own property at the time of Defendants' unlawful intrusion, and presented no imminent threat, and certainly no imminent threat that could remotely justify lethal force after no other lesser means of force were attempted. Thereby, the force used during the search was excessive and in violation of the Plaintiff's right to be protected against unlawful searches and seizures.

28. Defendant Errico acted unreasonably as judged objectively by the prospective of a reasonable police officer, and not the subjective intent of said Officers, though it is evident that even the subjective intent of said Officer was to shoot first and not ask any questions later.

29. Plaintiff's interest in being free from such unreasonable searches and seizures and being free from unreasonable interference with the companionship she had with her dog Macho outweigh any interest Defendants may have to justify their interference with Plaintiff's property rights in the ownership of said dog or to gratuitously attempt to kill the dog out of sheer enjoyment.

**First Cause of Action for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C. § 1983 against The City of New York, the City of New York Police Department, and Police Officer Abiola Errico for the unlawful damaging and deprivation of Plaintiff's property rights.**

30. Plaintiff, RAVEN GARCIA repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

31. On or about February 5, ~~2014~~2015, Defendants New York City Police Department and Officer Abiola Errico, came to Plaintiff's residence and ultimately entered the residence without permission of the Plaintiff or a lawfully executed warrant. Plaintiffs' dog came out of the residence in a calm manner, showing no aggression and was shot at by Officer Errico 3-4 times. After being hit by at least one of the bullets from Officer Errico's gun, the dog still did not show aggression and retreated back into the residence.

32. Some particulars of said evidence is the fact:
    - NYPD entered Plaintiff's residence without permission or warrant.

- NYPD searched Plaintiff's residence and the apartment above her without a warrant.
- The dog at the time of shooting and no other time before or after showed no aggression toward Officer Errico or any other Officer on the scene.
- Plaintiff committed no crime, and there was no probable cause to search her residence, search her person, or seize her person.

33. The above-referenced conduct demonstrates that the Defendants conspired to and did deprive the Plaintiff of her liberty as would shock the conscious in violation of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

34. In addition to wrongfully shooting the Plaintiff's dog, Defendant's also illegally entered and searched the Plaintiff's home while making her sit hand-cuffed to a bench in frigid temperatures wearing only a tank top and shorts, depriving her of basic human necessities.

35. Macho, as Plaintiff's best friend and companion, constitutes a special classification of property under New York State Law that Defendants seized and gravely injured said companion animal in a matter that shocks the conscience, and in a criminal and unjustified matter. **Travis v. Murray**, 42 Misc.3d 447 (2013). Macho still suffers both physical and emotional wounds from the heinous act to this day.

8

36. Said above-referenced actions, both individually and in their entirety, fully disregarded the Constitutional rights of the Plaintiff to be free of unlawful and unreasonable seizures of one's property under the Fourth and Fourteenth Amendments of the Constitution.

**Second Cause of Action for Plaintiff Raven Garcia for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C § 1983 against the City of New York, New York City Police Department, and Officer Abiola Errico as the specific acts of conduct committed by Defendants in this matter as being example unlawful pattern or practice perpetrated by Defendants against Plaintiff**

37. Plaintiff, RAVEN GARCIA repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

38. Aside from the above-referenced set of facts, the City of New York and its Police Department caused the Plaintiff to be subjected to Fourth Amendment violations. Such repeated Fourth & Fourteenth Amendment violations amount to the City of New York's deliberate indifference to an obvious need for training of its officers both in the laws pertaining to unlawful seizures, in the art of de-escalation, and in how to avoid conflict and especially lethal conflict when dealing with canines. This failure of the Department to adequately train, supervise, and regulate their Detectives and Officers' dealings with canines resulted in Defendant Errico's actions in attempting to slay said companion animal, and thereby causing the Plaintiff insufferable and egregious harm, emotional distress, and will result in more unnecessary bloodshed if

9

corrective measures aren't taken by the City of New York and the City of New York Police Department.

39. Furthermore, the City of New York and its Police Department tacitly condone the practice of lethal means used as a first resort against dogs, otherwise known as **puppycide**, a disturbing American inner city phenomenon, by only performing a superficial, biased, and artificial review of the dogs killed by its Police Department which always results in the erroneous and contrived finding that the discharge of the weapon by the Officer, which results in the killing of the dog, is justified by the officer.

40. In this instance, the Department superficially reviewed the malicious conduct on the part of its Officers and Officer Errico, and without recording, considering, or documenting any statements of non-police and therefore unbiased witnesses.

41. The above-referenced misuse of authority and power by said Defendants was egregious and shocking to the conscience. As a result, Plaintiff sustained and will continue to undergo and endure severe mental anguish, hardship, and distress as result thereof.

42. Such deprivations of Plaintiff's property rights and right to liberty and happiness were in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C. § 1983.

43. As a result of the above-referenced defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has been damaged in an amount to be determined at trial.

44. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Third Cause of Action for Plaintiff Raven Garcia for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C. § 1983 against The City of New York, the City of New York Police Department, and Police Officer Abiola Errico for the unlawful arrest and seizure of her person.**

45. Plaintiff, RAVEN GARCIA repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

46. In engaging in the above-referenced conduct, by using excessive force against the Plaintiff to summarily deprive her of civil liberties, the Defendants unlawfully detained Plaintiff without probable cause that a crime had taken place. Further, as police officers employed by the City of New York, Defendants were acting under the color of state law.

47. As stated, Plaintiff was incarcerated for roughly 24 hours without knowing the status of her best friend, ridiculed, and confined in frigid conditions without warmth nor comfort.

48. The above-referenced misuse of authority and power by the Defendants was egregious and shocking to the conscience. As a direct result, Plaintiff sustained severe mental anguish, humiliation, and severe emotional distress as a result thereof.

49. Such deprivations were in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C § 1983.

50. As a result of the above-referenced defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has been damaged in an amount to be determined at trial.

51. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Fourth Cause of Action for Plaintiff Raven Garcia for violations of the Eighth Amendment as per 42 U.S.C. § 1983 against The City of New York, the City of New York Police Department, and Police Officer Abiola Errico for the cruel and unlawful punishment administered by said Defendants.**

52. Plaintiff, RAVEN GARCIA repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

53. The above referenced acts, when taken in their totality, reflect cruel and unusual punishment on the part of the Defendants, in violation of Plaintiff's right to be free from such punishment.

54. Plaintiff was deprived of necessary sustenance in the form of water and warmth while being handcuffed to a bench, in frigid conditions, while only wearing short sleeves and shorts. This occurred despite Plaintiff having committed no crime.

55. She was further antagonized and ridiculed by Defendant Abiola, who added insult to injury after already shooting and wounding Plaintiff's companion animal. Defendant Abiola fat shamed Plaintiff and attempted to physically accost Plaintiff before other Officers intervened. Defendant Abiola called Plaintiff fat and made other crude remarks as to Plaintiff's weight and ethnicity.

56. Such shameful conduct is an example as to why, in this country, public faith in policing has eroded to the point where it has.

**Fifth Cause of Action for Plaintiff Raven Garcia for the Plaintiff Raven Garcia for violations of the Fourth Amendment as per 42 U.S.C. § 1983 against The City of New York, the City of New York Police Department, and Police Officer Abiola Errico for the unlawful searching of her property and person.**

57. Plaintiff, RAVEN GARCIA repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

58. Subsequent to shooting Macho, the Defendants, in a transparent attempt to justify the force used and arrest of Plaintiff, stormed Plaintiff's apartment, and that of her upstairs neighbor and landlord, in an attempt to finf contraband.

59. Plaintiff was confined in a police car when this invasion occurred... there was no warrant obtained by the Defendants, and absolutely no legal basis for the ransacking of her apartment. Several items of Plaintiff were missing upon her return the next day to her apartment.

60. No contraband was found during the futile, feeble, yet disturbing invasion of Plaintiff's rights.

61. Defendants also cordoned off Plaintiff's apartment and surrounding area, in an attempt to conceal the illegality of their conduct from the public they sear to protect and serve... but failed miserably in doing so on this occasion.

62. WHEREFORE, the plaintiff demands judgment on the above counts against the defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Punitive Damages in favor of the Plaintiff;

D. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

E. Such other relief as the court may deem appropriate.

DATED: Buffalo, New York
May 4, 2017~~October 27~~~~April 27, 2017~~~~6~~

        The Law Offices of Matthew Albert

        By: _____
        Matthew Albert, ESQ.
        Attorney for Plaintiff
        Office and P.O. Address
        254 Richmond Ave.
        Buffalo, New York 14222
        (716) 445-4119
        mattalbertlaw@gmail.com